Eastern District of Kentucky
**FILED**

JUL 19 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

DAMIEN A. SUBLETT, )
)
Plaintiff, )  Civil No. 0:19-004-HRW
)
v. )
)
KEITH HELTON, *et al.*, )  **MEMORANDUM OPINION**
)  **AND ORDER**
Defendants. )
)

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Damien A. Sublett is an inmate confined at the Green River Correctional Complex located in Central City, Kentucky. Proceeding without an attorney, Sublett has filed a civil rights action against prison officials at the Little Sandy Correctional Complex ("LSCC") in Sandy Hook, Kentucky (where Sublett was previously incarcerated), pursuant to 42 U.S.C. § 1983. [D.E. No. 1]

By separate order, the Court has granted Sublett's motion to proceed without prepayment of the filing fee. [D.E. No. 10] Thus, the Court must conduct a preliminary review of Sublett's complaint pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A. A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

defendant who is immune from such relief. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997).

A complaint must set forth claims in a clear and concise manner, and must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). *See also* Fed. R. Civ. P. 8. In addition, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court evaluates Sublett's complaint under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage, the Court accepts the plaintiff's factual allegations as true, and his legal claims are liberally construed in his favor. *Twombly*, 550 U.S. at 555-56. However, the principles requiring generous construction of *pro se* pleadings are not without limits. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *Wilson v. Lexington Fayette Urban County Government*, No. 07-cv-95-KSF, 2007 WL 1136743 (E.D. Ky. April 16, 2007). Although the Court has an obligation to liberally construe a complaint filed by a person proceeding without counsel, that obligation does not extend so far as to require or permit it to create arguments or claims that the plaintiff has not made.

2

*Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003). Thus, vague allegations that one or more of the defendants acted wrongfully or violated the plaintiff's constitutional rights are not sufficient. *Laster v. Pramstaller*, No. 08-CV-10898, 2008 WL 1901250, at *2 (E.D. Mich. April 25, 2008) ("Neither the Court nor Defendants are obligated to search through the Complaint and its voluminous exhibits in order to glean a clear and succinct statement of each claim for relief. It is Plaintiffs' responsibility to edit and organize their claims and supporting allegations into a manageable format."). The Court is not required to create a claim for the plaintiff, nor to "conjure up unpled allegations." *Moorman v. Herrington*, No. 4:08-CV-P127-M, 2009 WL 2020669, at *1 (W.D. Ky. July 9, 2009)(citations omitted).

In his complaint, Sublett alleges that on September 9, 2018, he was speaking with a legal aide about serving summons on a defendant in another civil rights case filed by Sublett against Correctional Officer Jason D. Howard.[1] Sublett alleges that

---

[1]Although his complaint also refers to allegations of retaliation and discrimination against Howard related to a July 3, 2018 incident in which Sublett and another Muslim inmate were searched as they were entering the religious building for an Islamic service [D.E. No. 1 at p. 2], these claims are the subject of another lawsuit filed by Sublett against Howard and Officer Audria Lewis, *Sublett v. Howard*, Case No. 0:18-cv-084-HRW (E.D. Ky.). It appears that Sublett's complaint in this case, *Sublett v. Helton*, Case No. 0:19-cv-004-HRW (E.D. KY), refers to these allegations only as background to give context for his claims in this case, as Sublett does not affirmatively allege claims against Howard in this lawsuit.

3

Defendant Correctional Officer Audrea Lewis repeatedly told Sublett not to speak to the legal aide about the lawsuit against Howard. After Sublett went to his cell and came back to hand the legal aide a Court order, Lewis "became vexed" and told the legal aide to go back to his room and told Sublett to stand where he was. While he was standing there, inmate Rick Poore (identified by Sublett as a white inmate) approached Lewis, but Lewis said she did not have time to talk because Sublett wanted to talk about his lawsuit against Howard. Poore then turned to Sublett, used a racial slur and said that he "needed his [expletive] guts cut out." Sublett alleges that Lewis claimed not to hear anything, took Sublett to the segregation unit and issued a disciplinary report against Lewis.[2]

Sublett then alleges that, in September 2018, he wrote two separate letters to Defendant Warden Keith Helton and informed him that Sublett feared for his life because of these interactions with inmate Poore and Officer Lewis. He alleges that Helton responded with a letter stating that he would look into the matter and a copy of this letter was sent to Defendant Correctional Treatment Officer Ronda D. May. Sublett states that May, a case worker in the Special Management Unit, told Sublett

---

[2] This disciplinary report is the subject of Sublett's retaliation claim against Lewis (spelled "Audria" rather than "Audrea") in *Sublett v. Howard*, Case No. 0:18-cv-084-HRW (E.D. Ky.). Again, it does not appear that Sublett raises these allegations in this case in order to assert a new claim against Lewis, but rather only explains the incident as part of the factual background giving rise to his complaint filed in this case.

that she had received the letter from Helton and asked what had happened. He alleges that he told her about the threat from Poore and other gang members and requested protective custody and that May said that she would look into it.

Sublett alleges that, after he was returned to the general population, he and four other black inmates were approached by Poore and other white supremacist gang members and told to get off their yard. Although he reported the incident to an officer, the officer laughed and told him to "stay with your own kind and you'll be alright." He further alleges that he never heard back from May or Helton, and that he continued to be taunted by staff and white inmates.

According to Sublett, on November 5, 2018, he went out to the GB bullpen by himself and, after seeing that there were only white inmates out in the bullpen, was trying to go back inside when Poore ran at him with a shank using racial slurs and threatening to gut him. Sublett alleges that Poore cut Sublett's check during the altercation. He further states that, although Howard was posted in the guard tower, the attack lasted for 20 minutes. After 20 minutes, Correctional Officer Valandingham came out to the bullpen and placed Sublett in handcuffs. Although Sublett concedes that he "made an effort at defending himself" during the physical altercation, he claims that, in his 20-year incarceration, this is the first disciplinary report he has ever received for a physical altercation with another inmate. After this incident, he was placed in administrative segregation. He further alleges that, from

November 2018 through January 2019, his requests for protective custody were refused and, on multiple occasions, May threated to force Sublett back into the general population. [D.E. No. 1 at p. 2-9]

Based on these allegations, Sublett claims that both Helton and May failed to protect him in violation of the Eighth Amendment. [*Id.* at p. 10] With respect to the relief sought, Sublett states that he seeks injunctive relief enjoining May and Helton from forcing Sublett back into "a dangerous condition GB," as well as to "have defendants defray the expended cost in litigation this action." [*Id.* at p. 14] No requests for compensatory or punitive damages are made.

However, after filing his complaint, Sublett filed a notice that he had been transferred from LSCC to the Green River Correctional Complex. This renders his claims for injunctive relief against May and Helton moot. While a claim for monetary damages may survive beyond an inmate plaintiff's transfer from one facility to another, an inmate's claim for declaratory or injunctive relief becomes moot when he or she is transferred away from the institution where the underlying complaint arose. *See, e.g., Colvin v. Caruso*, 605 F.3d 282, 289 (6th Cir. 2010) (finding that the inmate's facility transfer mooted his request for injunctive relief where the inmate's claims were directed specifically towards his prior facility's policies and procedures); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) ("However, to the extent [the plaintiff] seeks declaratory and injunctive relief his

claims are now moot as he is no longer confined to the institution that [allegedly violated his constitutional rights]"). Because Sublett is no longer incarcerated at LSCC, his claim for injunctive relief in the form of enjoining May and Helton from forcing him back into the general population will be dismissed as moot. As this is the only relief requested in the complaint, Sublett's complaint will be dismissed for failure to state a claim for which relief may be granted. *See* 28 U.S.C. §§ 1915A, 1915(e)(2).

Although Sublett does request that the Defendants be required to "defray the expended costs" in this litigation, this request is not sufficient to preclude dismissal of his lawsuit. First, as Sublett is proceeding *in forma pauperis*, the costs expended by him thus far are minimal. Even so, 28 U.S.C. § 1915(f)(1) provides that "Judgment may be rendered for costs *at the conclusion of the suit or action* as in other proceedings…" 28 U.S.C. § 1915(f)(1) (emphasis added). In turn, Federal Rule of Civil Procedure 54(d)(1) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). However, because Sublett's complaint is dismissed, he is not the prevailing party. Thus, he is not entitled to an award of costs.

Sublett has also filed a motion to supplement his complaint pursuant to Federal Rule of Civil Procedure 15(d), seeking to "raise issues of fact" with regard

7

to whether he exhausted his administrative remedies with respect to his claims. [D.E. No. 7] However, as the Court finds that this case must be dismissed, Sublett's motion to supplement will be denied as moot.

Accordingly, it is hereby **ORDERED** as follows:

1. Sublett's complaint [D.E. No. 1] is **DISMISSED WITHOUT PREJUDICE**.

2. Sublett's motion to supplement complaint [D.E. No. 7] is **DENIED AS MOOT**.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the Court's docket.

This ___ day of July, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge